Damian P. Richard, Esq. (SBN 47837)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Tel: 619/758-1891
Fax: 619/296-2013
drichard@sessions.legal

Attorney for Creditors
National Collegiate Student Loan Trust 2005-1,
National Collegiate Student Loan Trust 2006-1, &
National Collegiate Student Loan Trust 2007-1

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re MARY JANELLE DITCHING aka JANELLE DITCHING,<br><br>Debtor | Chapter 13<br><br>Case No.: 17-15012 TWD<br><br>COMBINED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIMS 1, 2, & 3<br><br>Hearing Date: January 17, 2018<br>Time: 9:30 a.m.<br>Judge: Hon. Timothy W. Dore |

Creditors National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2006-1, & National Collegiate Student Loan Trust 2007-1 (collectively "NCSLT") hereby file their Joint and Combined Memorandum of Points and Authorities in Opposition to Debtor Mary Janelle Ditching aka Janelle Ditching ("Debtor")'s Objection to Claim Nos. 1 through 3.

I. **INTRODUCTION AND STATEMENT OF FACTS**

Between 2005 and 2007 Debtor incurred over $220,000 in student loan

debt so that she could enroll at Olympic College and later University of Washington. (*In Re Ditching,* No. 17-15012-TWD, Dkt. 1, Sch. E/F at ¶6(f).) Approximately $162,452.52 of her total student loan indebtedness is owing to NCSLT on three separate student loans. (*Id.,* at Dkt. 15, Declaration of NCSLT, ¶¶7-9, Exs. A-C.)

Not only did Debtor voluntarily sign and apply for each NCSLT student loan in order to further her education, but she also endorsed and cashed the student loan proceeds when the checks arrived. (*See e.g. id.* at Ex. C.) Each student loan application contained not only Debtor's signature, SSN, and other personally identifiable information, but also supporting documentation that only the Debtor could have voluntarily provided, i.e. Debtor's enrollment records, Debtor's Green Card, proof of income for Debtor's sister who was the cosigner. (*Id.,* at Dkt. 15, Declaration of NCSLT, ¶¶7-9, Exs. A-C.)

Shortly after loan origination, each of the three student loans were transferred and assigned to NCSLT through their respective Note Purchase Agreements and Pool Supplements. (*Id.;* Proofs of Claim Nos. 1-3.)

When the NCSLT student loans became due, Debtor personally contacted NCSLT, through its servicer, and made no less than seven (7) separate written requests for deferments and forbearances on her NCSLT student loans, thereby ratifying each loan, and acknowledging her obligation for each of the three student loans and promising to repay once she was able. (*Id.*, at Dkt. 15, Declaration of NCSLT, ¶10, Ex. D.)

Not only did Debtor ratify each NCSLT student loan through repeated deferment and forbearance requests, but when the forbearance period expired, Debtor also ratified the student loans by making payments to NCSLT. (*Id.*, at Dkt. 15, Declaration of NCSLT, ¶11, Ex. E.)

Now, in the form of objections to NCSLT's Claim Nos. 1-3, Debtor, for

the first time and after almost 13 years since the student loans were originated, attempts to deny liability for the NCSLT loans based on forgery. Peculiarly, Debtor alleges that somehow only the NCSLT debt was forged, while her other $57,547.48 in student loan debt was not.

## II. APPLICABLE STANDARD OF REVIEW

Pursuant to 11 U.S.C. § 502 a proof of claim is deemed allowed if not objected to by a party in interest. 11 U.S.C. § 502(a). A timely filed proof of claim is prima facie evidence of the amount and validity of the claim. Fed. R. Bankr.P. 3001(f). An objecting party has the burden of negating the prima facie validity of the proof of claim. Hon. W. Homer Drake, Jr., Hon. Paul W. Bonapfel & Adam M. Goodman, Chapter 13 Practice and Procedure § 18:5 at 657 (2013–2 ed.). "If the objecting party overcomes the prima facie case, then the burden of proof falls to the party that would bear the burden outside of bankruptcy." *In re Walston,* 606 Fed.Appx. 543, 546 (11th Cir. June 2, 2015) citing *Raleigh v. Ill. Dep't of Revenue,* 530 U.S. 15, 20 (2000); *In re Zierke,* 2015 WL 1541317, at *4 (Bankr. N.D. Iowa April 1, 2015) (objector must put forth substantial evidence that deprives the claim of its presumptive validity, once this burden is met the burden shifts to claimant to validate the claim); 9 Collier on Bankruptcy ¶ 3001.09 (16th ed. 2015) ("Upon introduction of sufficient evidence by the objecting party, the burden of proof will fall on whichever party would bear that burden outside of bankruptcy."); Hon. W. Homer Drake, Jr., Hon. Paul W. Bonapfel & Adam M. Goodman, Chapter 13 Practice and Procedure § 18:5 at 657–58 ("The creditor [ ] has the burden of proving the validity of its claim by a preponderance of the evidence, unless the applicable nonbankruptcy law allocates the burden of proof on the claim differently. If the debtor does not produce enough evidence to overcome the prima facie validity of the claim, the burden does not shift to the claimant.").

## III. ARGUMENT

### A. NO EVIDENCE OF FORGERY

Debtor has not and cannot produce any evidence to support her objections. Debtor voluntarily applied for each NCSLT student loan, signing each application and endorsing the proceeds. She later ratified each loan by requesting forbearance and making payments. Debtor also benefitted from each student loan, as her own enrollment records establish that she was able to enroll in Olympic College, followed by the University of Washington. The records she provided contain Certification of Enrollment at each institution, the classes she took, including her own handwritten notes. (*In Re Ditching,* No. 17-15012-TWD, Dkt. 15, Declaration of NCSLT, ¶¶7-9, Exs. A-C.) Debtor has failed to produce any evidence that she ever reported the alleged identify theft or forgery during the last 13 years despite purportedly having this information.

## IV. RATIFICATION

Even assuming, *in arguendo*, that Debtor's forgery allegation has any merit, Debtor ratified her obligation on the student loans by (i) signing and endorsing the back of the student loan check and not returning the money, *(see e.g. id.* at Ex. C), (ii) taking and benefitting from the courses at Olympic College and University of Washington, (iii) acknowledging the debt when the student loans became due by applying for at least 7 separate forbearances, and (iv) making payments on the NCSLT loans.

Ratification is one's affirmance of a prior unauthorized act, done or purportedly done on her account but not originally binding on her, and which is later given effect as to some or all persons as if originally authorized. *National Bank of Commerce v. Thomsen,* 80 Wash.2d 406, 495 P.2d 332 (1972); Restatement (Third) of Agency § 4.01 (2006). The affirmance necessary to establish a ratification may be shown either by conduct evidencing an election to

treat an unauthorized act as authorized, or by conduct which can be explained only if there was an election. Restatement (Third) of Agency § 4.01 (2006).

Here, Debtor applied for three (3) separate student loans enabling her to attend Olympic College and then University of Washington. Debtor has benefited from attending college, and she further ratified the student loans by requesting forbearances and making payments.

## V. CONCLUSION

Debtor's objections are without merit and should be summarily overruled.

Dated: 1/10/18         SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/Damian P. Richard*
Damian P. Richard
Attorney for Defendant
National Collegiate Student Loan Trust 2005-1,
National Collegiate Student Loan Trust 2006-1,
National Collegiate Student Loan Trust 2007-1